**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| DAVID P. PETERSEN, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00607-CG-B |
| | * |
| ADAM W. OVERSTREET, *et al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Plaintiff David P. Petersen's *pro se* complaint and amended complaint.[1] (Docs. 1, 13). Upon careful review, it is **RECOMMENDED** that this action be **dismissed with prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

**I. BACKGROUND FACTS AND PROCEEDINGS**

On July 18, 2019, Plaintiff David P. Petersen, who is proceeding *pro se*, filed a Bivens action[2] against eleven federal

---

[1] Petersen originally filed this action in the United States District Court for the District of Nebraska, but it was transferred to this Court on September 4, 2019. (Doc. 9).

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides a cause of action against a federal
(Continued)

officers and employees for damages arising out of Petersen's 2013 conviction for securities and wire fraud.³ (Doc. 1 at 7). Peterson also filed a motion to proceed without prepayment of fees, which was granted. (Docs. 2, 11). Additionally, Peterson sought leave to amend his complaint. (Doc. 7). In an Order dated October 18, 2019, the Court granted his motion to amend, in part. (Doc. 12). The Court found that Peterson's 291-page original complaint (Doc. 1) and his proposed amended complaint (Doc. 7) were deficient because, as written, they were rambling, confusing, and essentially incoherent. Further, neither pleading provided sufficient factual information so as to place Defendants and the Court on notice of the actions purportedly taken by each Defendant to violate Petersen's rights, nor of the specific claims he was attempting to assert against each Defendant. (Id.). Accordingly, Peterson was directed to file an amended complaint that set forth

---

officer who, while acting under the color of federal law, has violated the constitutional rights of an individual. See Hardison v. Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004)(citing Bivens, 403 U.S. at 397). Bivens created "a remedy against federal officers, acting under color of federal law, that [is] analogous to the section 1983 action against state officials." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

³ Plaintiff's conviction for conspiracy to commit wire fraud, wire fraud (eighteen counts), and securities fraud, Case No. 13-117-WS (S.D. Ala.), was affirmed on appeal on December 23, 2015. (Docs. 100, 201). Plaintiff's motion to vacate his conviction under 28 U.S.C. § 2225 was denied by this Court on June 14, 2018, and a certificate of appealability was denied by the Eleventh Circuit on December 19, 2018. (Docs. 237, 253, 254, 262).

the factual allegations relevant to each claim and to each Defendant. He was specifically instructed that, for each Defendant, he must: (1) detail the conduct for which he contended each was responsible, and (2) clarify which cause of action he was asserting against said Defendant. Additionally, Petersen was instructed that, in submitting his new complaint, he must complete, in full, the Court's form for § 1983 actions. The Court ordered Petersen to file, on or before November 14, 2019, an amended complaint addressing and correcting various deficiencies detailed in the order. (Doc. 12).

On November 7, 2019, Petersen filed a 336-page amended complaint listing ten Defendants, including current and former Assistant United States Attorneys, current and former FBI special agents, a victim coordinator with the United States Attorneys Office, and the United States Attorney.[4] (Doc. 13). The amended complaint, like the original complaint and supplement, is largely rambling and incoherent. (Id.). Nevertheless, as best the Court can discern, Petersen appears to allege that, from July 2012 to the time of his conviction in December 2013, the Defendants

---

[4] For the most part, Petersen simply re-filed his original complaint as the amended complaint. (Docs. 1, 13). Peterson's amended complaint, like the original complaint and supplement, includes voluminous exhibits, motions, briefs, and documents with no explanation as to the relevance of the document(s) to a particular Defendant or claim. (Id.).

withheld exculpatory evidence, committed perjury, suborned perjury, and violated Petersen's right to a speedy trial in connection with his prior criminal case, USA v. David Petersen, 13-cr-00117-WS. As noted, *supra*, Petersen and his two codefendants were each convicted of conspiracy to commit securities and wire fraud, aiding and abetting securities fraud, and eighteen counts of wire fraud. (Doc. 13 at 7-11). Peterson alleges in his amended complaint that Defendants' misconduct during and related to that criminal prosecution resulted in his "wrongful conviction," "wrongful incarceration, "loss of freedom," and various other injuries and damages related thereto.[5]  (Id. at 9).

## II. DISCUSSION

Because Petersen is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 13) under 28 U.S.C. § 1915(e)(2)(B).[6]  For proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Dismissal

---

[5] It appears from the docket that Petersen is now out of prison and proceeding with this action *pro se*.

[6] The frivolity and failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348.

4

under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (involving Fed. R. Civ. P. 12(b)(6) dismissal). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a less stringent standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.),

5

*cert. denied*, 493 U.S. 863 (1989).

As noted, Peterson filed the instant action seeking damages against ten federal officers, agents, and employees who participated in his 2013 criminal prosecution for securities and wire fraud and who allegedly withheld exculpatory evidence, committed perjury, suborned perjury, and violated Petersen's constitutional right to a speedy trial and right to obtain witnesses, resulting in his "wrongful conviction," "wrongful incarceration, "loss of freedom," and various injuries and damages related thereto. (Doc. 13 at 7-38). Because Petersen's action is barred by the doctrine espoused in Heck v. Humphrey, 512 U.S. 477 (1994), it is due to be dismissed.

In Heck v. Humphrey, the Supreme Court held that a plaintiff cannot recover damages for an allegedly unconstitutional conviction or imprisonment unless he can prove that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Maxwell v. Prevette, 2019 U.S. Dist. LEXIS 209645, *2, 2019 WL 6618291, *1 (N.D. Ala. Dec. 5, 2019)(citing Heck, 512 U.S. at 486-87; Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a [Bivens] action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

6

(state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); Abella, 63 F.3d at 1065 (applying Heck to Bivens actions)). Therefore, a "damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated." Abella, 63 F.3d at 1065 (citing Heck, 512 U.S. at 487). "Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature."[7] Id. (citations omitted).

In Abella v. Rubino, 63 F.3d 1063 (11th Cir. 1995), the plaintiff, a federal prisoner, filed a Bivens action against "two federal district judges, an assistant U.S. Attorney, U.S. Customs and DEA officials, U.S. Marshals, three federal court reporters, a judicial law clerk, a secretary, and several of [his] co-defendants and their respective attorneys," alleging that these

---

[7] Habeas corpus is the exclusive federal remedy available for a plaintiff to "challenge[] the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481. Termination of actions for damages, such as Plaintiff's action here, "is necessary to prevent plaintiffs 'from doing indirectly through damages actions what they could not do directly by seeking injunctive relief — challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute.'" Nelson v. Campbell, 541 U.S. 637, 646-47 (2004)(citations omitted).

7

defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him." Id., 63 F.3d at 1064. The district court dismissed the claims, finding that they were barred by the Supreme Court's decision in Heck v. Humphrey. Id., 63 F.3d at 1065. The Eleventh Circuit affirmed, stating:

> Abella's damages claims rest on the contention that the defendants unconstitutionally conspired to convict him of crimes he did not commit. Judgment in favor of Abella on these claims 'would necessarily imply the invalidity of his conviction.' Heck, 512 U.S. at ----, 114 S. Ct. at 2372. Because Abella's convictions have not been invalidated, his Bivens damages claims are not ripe.

Abella, 63 F.3d at 1065.

As in Abella, in the present case, Petersen alleges that the Defendants (United States Attorneys, FBI agents, and others in the employ of the United States Attorneys Office) violated his constitutional rights and a multitude of federal statutes in order to illegally secure his conviction for crimes that he did not commit. (Doc. 13 at 8-43). As in Abella, judgment in favor of Petersen on these claims "would necessarily imply the invalidity of his conviction." Id. (citing Heck, 512 U.S. at 486). Because Petersen's convictions have not been invalidated, but, rather,

have been affirmed,[8] his Bivens damages claims are not ripe. Therefore, as in Abella, this action is due to be dismissed.

In addition, even if Petersen's claims were not barred by Heck v. Humphrey, they are time barred. "Actions brought under Bivens are subject to the statute of limitations governing personal injury actions in the state where the claim has been brought." Johnson v. Greaves, 366 Fed. Appx. 976, 978 (11th Cir. 2010) (citing Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996)). In Alabama, the governing limitations period is two years. Id. (citing McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing Ala. Code § 6-2-38)). "The limitations period begins to run when the cause of action accrues, and this is a question of federal law." Id. (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)). "Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." Id.

In his amended complaint, Petersen alleges, in conclusory fashion, that Defendants' misdeeds occurred "from June 2012 to the present." (Doc. 13 at 37). However, his factual allegations

---

[8] As previously noted, the Eleventh Circuit affirmed Petersen's conviction in Case No. 13-117-WS (S.D. Ala.) on December 23, 2015 (Docs. 100, 201), and this Court denied Petersen's motion to vacate that conviction under 28 U.S.C. § 2225 on June 14, 2018. The Eleventh Circuit denied a certificate of appealability of that decision on December 19, 2018. (Docs. 237, 253, 254, 262).

9

related to those alleged misdeeds reveals misconduct ranging from perjury, to withholding exculpatory evidence, fraudulently inducing a waiver of the right to a speedy trial, precluding access to discovery and witnesses, etc., all relating directly to the investigation, trial, and Petersen's conviction in 2013. (Doc. 13 at 36-39). Because Petersen's claims are based on events occurring more than two years prior to the July 18, 2019, filing date of the complaint herein, his action is time barred.

Based on the foregoing, this action is due to be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[9]

## III. CONCLUSION

For the reasons set forth herein, the undersigned **RECOMMENDS** that this action be **DISMISSED, with prejudice**, pursuant to § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this

---

[9] While the dismissal of claims based on Heck generally should be dismissed without prejudice, see Descent v. Kolitsidas, 396 F. Supp. 2d 1315, 1320 n.2 (M.D. Fla. 2005), because Plaintiff's claims in the instant case are also time barred, they are due to be dismissed with prejudice.

recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **10th** day of **January, 2020.**

                                                    **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**