# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID P. PETERSEN, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 19-607-CG-B |
| ADAM W. OVERSTREET, *et* al., | ) |
| Defendants. | ) |

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court[1]. It is **ORDERED** that Plaintiff's complaint be and is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

**DONE and ORDERED** this 24th day of January, 2020.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] In his objection (Doc. 14) to the Report and Recommendation, Plaintiff concedes that his complaint is due to be dismissed because his conviction has not been invalidated but contends that the statute of limitations has not run and that his action is not time barred, thus making a dismissal *without* prejudice appropriate. Plaintiff's argument fails to recognize that in 1996, the Alabama legislature amended Alabama Code § 6-2-8 to remove imprisonment as a condition that tolled the statute of limitations. 1996 Ala. Laws 96-641. See also *Holt v. Baker*, 710 Fed.Appx. 422 (11th Cir. 2017). Dismissal with prejudice is therefore appropriate.